**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs,*
Safora Nowrouzi and Travis Williams

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SAFORA NOWROUZI AND TRAVIS WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

MAKER'S MARK DISTILLERY, INC., d.b.a. MAKER'S MARK,

Defendant.

Case No.: '14CV2885 JAH NLS

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

1.) **CALIFORNIA BUS. & PROF. §§ 17500 ET SEQ.**

2.) **CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ.**

3.) **NELIGENCT MISREPRESENTATION**

4.) **INTENTIONAL MISREPRESENTATION**

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1. Plaintiffs, SAFORA NOWROUZI and TRAVIS WILLIAMS, (collectively as "Plaintiffs"), bring this statewide Class Action Complaint to enjoin the deceptive advertising and business practices of MAKER'S MARK DISTILLERY, INC., d.b.a. MAKER'S MARK (collectively as "Defendant") with regard to Defendant's false and misleading promotion of its whisky. Defendant promotes its whisky as being "Handmade" when in fact Defendant's whisky is manufactured using mechanized and/or automated processes, which involves little to no human supervision, assistance or involvement, as demonstrated by photos and video footage of Defendant's manufacturing process.

2. Defendant labels the whisky products it manufactures and sells as "Handmade." However, photos and video footage of Defendant's manufacturing process show Defendant actually employs mechanized and/or automated processes to manufacture and bottle its whisky, including but not limited to, (1) the process involved in grinding/breaking up the grains; (2) the process involved in mixing the grains with other ingredients, such as yeast and water; (3) the process involved in transferring this mixture into its fermenting location; and, (4) the process involved in bottling the whisky.

3. Defendant attaches these untrue and misleading labels to all of the whisky bottles it markets and sells throughout the state of California and throughout the United States.

4. This nationwide sale and advertising of deceptively labeled products constitutes: (1) a violation California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 et seq.; (2) a violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 et seq.; (3) negligent misrepresentation; and (4) intentional misrepresentation. This conduct caused Plaintiffs and other similarly situated damages, and requires

1   restitution and injunctive relief to remedy and prevent further harm.

2   5. Unless otherwise indicated, the use of any Defendant's name in this
3   Complaint includes all agents, employees, officers, members, directors, heirs,
4   successors, assigns, principals, trustees, sureties, subrogees, representatives
5   and insurers of the named Defendant

6   ### JURISDICTION AND VENUE

7   6. Jurisdiction of this Court arises under 28 U.S.C. § 1332(d), as the matter in
8   controversy, exclusive of interest and costs, exceeds the sum or value of
9   $5,000,000 and is a class action in which a named Plaintiff is a citizen of a
10   State different than at least one Defendant.

11   7. Based upon information and belief, Plaintiffs allege that Defendant has
12   shipped approximately 1.4 million cases of whisky in 2013. Each of these
13   cases holds 6 bottles. Based upon the high advertised price of Defendant's
14   product and its nationwide availability, Plaintiffs are informed, believe, and
15   thereon allege the class damages exceed the $5,000,000 threshold as set by 28
16   U.S.C. § 1332(d) for a diversity jurisdiction class action.

17   8. The court has personal jurisdiction over Defendant because Defendant
18   conducts business in the County of San Diego, State of California. Therefore,
19   Defendant has sufficient minimum contacts with this state, and otherwise
20   purposely avails itself of the markets in this state through the promotion, sale,
21   and marketing of its products in this state, to render the exercise of jurisdiction
22   by this Court permissible under traditional notions of fair play and substantial
23   justice.

24   9. Venue is proper in the United States District Court, Southern District of
25   California pursuant to 28 U.S.C. § 1391 for the following reasons: (i)
26   Plaintiffs reside in the County of San Diego, State of California which is
27   within this judicial district; (ii) the conduct complained of herein occurred
28   within this judicial district; (iii) Defendant conducted and does substantial

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

business in the County of San Diego, State of California; and (iv) Defendant is subject to personal jurisdiction in this district.

## PARTIES

10. Plaintiff, Safora Nowrouzi, is a natural person who resides in the County of San Diego, State of California, who was negligently and/or intentionally induced into purchasing Defendant's falsely advertised product.

11. Plaintiff, Travis Williams, is a natural person who resides in the County of San Diego, State of California, who was negligently and/or intentionally induced into purchasing Defendant's falsely advertised product.

12. Defendant, Maker's Mark Distillery, Inc., d.b.a Maker's Mark, is a corporation that is incorporated under the laws of the State of Kentucky, and does business within the State of California and within this district.

## NATURE OF THE CASE

13. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding the whisky it manufactures, markets and sells. Specifically, Defendant packaged, advertised, marketed, promoted, and sold its whisky to Plaintiffs and other consumers similarly situated, which was represented by Defendant to be "Handmade."

14. However, Defendant's whisky was and is not "Handmade," as photos and video footage of Defendant's manufacturing process, which was made in association with Defendant, clearly demonstrate.

15. The photos and the video footage made in association with Defendant of Defendant's manufacturing process, one of which is titled "Maker's Mark Distillery Tour"[1] ("Tour Video") and another titled "Maker's Mark Bourbon Factory,"[2] ("Factory Video"), vividly depict the manufacturing process as being mechanized and/or automated, rather than "Handmade" as Defendant

[1] *See* https://www.youtube.com/watch?v=TkAtdtewjb0
[2] *See* https://www.youtube.com/watch?v=22PrqoJb3rM

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

claims.

16. "Handmade" and "handcrafted" are terms that consumers have long associated with higher quality manufacturing and high-end products. This association and public perception is evident in the marketplace where manufacturers charge a premium for "handcrafted" or "handmade" goods. In the case of a 750 milliliter bottle of whiskey, similar to the ones Defendant manufactures and sells, most commercially available whiskies range in price from as little as $12.99 to $24.99.[3] Defendant's purportedly "Handmade" 750 milliliter bottle of whisky is listed at $31.99.[4]

17. Defendant affixes identical labels on all its "Maker's Mark Kentucky Straight Bourbon Whisky" ("Maker's Mark"). On these labels, the claim "**Handmade**" appears in large *bold* font on the front of the bottle, and two more times on the side of the label. *See* ¶ 30, 31. The side of the label reads, "Maker's Mark is America's only <u>handmade</u> bourbon whisky – never mass produced" and that "[w]e're proud of our unique and full-flavored <u>handmade</u> bourbon." *Id.* Defendant's website also states that, "[w]hile most distilleries use a modern hammer mill to break up their grains, Maker's Mark uses an old antique roller mill, which is less efficient, but reduces the chance of scorching the grain and creating a bitter taste."[5] This is done in an apparent attempt to market the whisky as being of higher quality by virtue of it being made *by hand*. As a result, Defendant induces consumers to purchase, purchase more of, and pay more for its whisky on the basis it is of supposedly of superior quality and workmanship.

---

[3] *See,* the price listing for "whiskeys" on the website of BevoMo, a retailer of alcohol, and available at: http://www.bevmo.com/Shop/ProductList.aspx/_/D-whiskey/N-/No-10/Ntt-whiskey?DNID=Home&Dx=mode%2Bmatchany&fromsearch=true&Ns=SalesPrice%7C0&Ntk=All&Ntx=mode%2Bmatchany

[4] *See,* http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/Kentucky/Maker-s-Mark-Distillery/Maker-s-Mark-Bourbon-Whisky/555

[5] *See,* https://www.makersmark.com/sections/88-slow-and-good

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

18. However, contrary to Defendant's misleading labeling, its whisky is predominately or entirely made by mechanized and automated processes, as demonstrated by the photos and video footage of Defendant's manufacturing processes. *See* ¶¶ 40, 44, 47, 50, 52, 53, 56; FN 1 and 2.

19. As a consequence of Defendant's unfair and deceptive practices, Plaintiffs and other similarly situated consumers have purchased Maker's Mark whisky under the false impression that the whisky was of superior quality by virtue of being "Handmade" and thus worth an exponentially higher price as compared to other similar whiskies.

20. Each consumer, including Plaintiffs, were exposed to virtually the same material misrepresentations, as the identical labels were prominently placed on all of the Marker's whisky bottles that were sold, and are currently being sold, throughout the U.S. and the State of California.

21. As a result of Defendant's misrepresentations regarding its Maker's Mark whisky, Plaintiffs and other consumers similarly situated overpaid for the product, and/or purchased the product under the false believe that the whisky they purchased was of superior quality since it was allegedly "Handmade." Had Plaintiffs and other consumers similarly situated been made aware that Maker's whisky was not "Handmade" they would not have purchased the product, or would have paid less for it, or purchased different products.

22. As a result of Defendant's false and misleading statements, as well as Defendant's other conduct described herein, Plaintiffs and other similarly situated consumers purchased thousands, if not millions, of bottles of Maker's Mark whisky and have suffered, and continue to suffer, injury in fact including the lost of money and/or property.

23. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

///

24. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

### FACTUAL ALLEGATIONS

25. Defendant manufactures, markets and sells "Maker's Mark Kentucky Straight Bourbon Whiskey" (i.e., "Maker's Mark"). *See below,* ¶¶ 30, 31.

26. Defendant manufactures all of its whisky at its distillery, located in the City of Loretto, State of Kentucky.

27. Defendant manufactures and sells millions of bottles each year. In 2013, Defendant sold approximately 1.4 million cases, each containing 6 bottles.[6] That is a total of approximately 8.4 million bottles. A 750-milliliter bottle of Maker's Mark sells for approximately $31.99.[7]

28. Defendant has faced continual production shortages and has attempted to remedy those shortfalls by expanding and mechanizing its facility. Defendant's supply shortages have been so severe that Defendant even proposed "watering down" its whisky's alcohol content to meet production demands.[8]

29. All of Maker's whisky bottles display a label prominently claiming the whisky is "Handmade." *See below,* ¶ 30, 31. This language appears three times on the label. Once in big bold letters on the front, and two more times on the side of the bottle. *Id.* Specifically, the side of the label states that "Maker's Mark is America's only handmade bourbon whisky - never mass produced" and "[w]e're proud of our unique and full-flavored handmade bourbon…" *Id.*

///

---

[6]*See,* http://www.kentucky.com/2014/02/27/3111627/makers-mark-buffalo-trace-plan.html
[7]*See,* http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/Kentucky/Maker-s-Mark-Distillery/Maker-s-Mark-Bourbon-Whisky/555
[8]*See,* http://www.usatoday.com/story/news/nation/2013/02/11/makers-mark-bourbon/1910773/

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

30. Defendant advertises its product with the following label:



31. Defendant's label prominently claims its product is "Handmade:"



///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

32. On November 17, 2014, Plaintiff, Travis Williams, purchased a bottle of Defendant's Maker's Mark whisky, which displayed the offending label (*see* ¶¶ 30, 31), for $ 32.99 from a local grocery store in San Diego, California.

33. On November 27 2014, Plaintiff, Safora Nowrouzi, purchased a bottle of Defendant's Maker's Mark whisky, which displayed the offending label (*see* ¶¶ 31, 31), for $ 58.99 from a Ralphs grocery store in the County of Los Angeles, State of California.

34. Based on the misrepresentations that the product was "Handmade," Plaintiffs believed Maker's Mark whisky was of superior quality by virtue of the product being made by hand rather than by a machine, and relied upon said misrepresentations when purchasing Defendant's product.

35. Although Defendant claims its whisky is "Handmade," Maker's Mark whisky is actually manufactured using a mechanized and/or automated process, with little to no human supervision, assistance or involvement as described herein.

36. Defendant's whisky manufacturing process involves grinding and breaking up grains, which are later mixed with yeast and water to make "mash." The mash is then left to ferment in large vats and is later distilled into whisky.

37. Defendant, through its website, claims "while most distilleries use a modern hammer mill to break up their grans, Maker's Mark is produced using an old antique roller mill, which is less efficient, but reduces the chance of scorching the grain and creating a bitter taste."[9]

38. In the Tour Video Defendant's representative claims that "all" of their grain is processed by said "roller mill."

39. Defendant claims it uses an "old antique roller mill" to crush its grain in an effort to describe its manufacturing process, and its product, as "Handmade" as its labels claims.

---

[9] https://www.makersmark.com/sections/88-slow-and-good

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

40.   This is Defendant's "old antique roller mill":



41. As the photo depicts, the mill is powered by two electronically driven motors and the entire mechanized and/or automated process is controlled by a set of electronic control panels as seen to left of the machine. *See,* ¶ 40.

42. Defendant's mill is neither old nor antique. Defendant's mill is a modern mechanized and/or automated machine that requires little to no human supervision, assistance or involvement to grind and prepare the grain, which is the primary ingredient in Defendant's whisky.

43. After the grain has been grounded, it is placed in a large vat where other ingredients, such as water and yeast, are added. This mixing process is also performed by a machine. *See,* ¶ 44.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

44. Defendant's mixing process is shown here:



45. As the picture above indicates, the gain mash and other ingredients are mixed using a machine. More specifically, a paddle like device, which is attached to an electric motor, is used to mix the mixture. The motor is mounted onto metal beams that rest above the vat into which the mixture sits. This mixing process is mechanized, automated, and involves little to no human supervision, assistance or involvement; thus, it is clearly not "Handmade" as Defendant advertises.

46. The mixture is then transferred to large fermenting vat. Based on the high volume of liquid transferred, the pictorial evidence below (*See* ¶ 47) and the elaborate piping system shown in the Tour Video, Plaintiffs allege that this

transferring process is automated, mechanized, and involves little to no human supervision, assistance or intervention.

47. Defendant's transferring process of the gain/mash mixture is shown here:



48. The mixture is then allowed to ferment and is then subsequently distilled into the liquor. The Tour Video demonstrates this process and shows various machines used in the fermentation and distillation process. The Tour Video also shows that all, or nearly all, of these machines are connected by an elaborate system of pipes and have an electronic control panel which controls the machine without human intervention, as the machines are shown functioning in the video without human supervision or intervention. On this basis, Plaintiffs allege the fermentation and distillation process are mechanized and/or automated and that therefore Defendant's product is not "Handmade" as Defendant advertises.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

49. After the liquor is distilled it is transferred into oak barrels to age by means of a mechanized and/or automated process. *See below* ¶ 50.

50. Defendant's barrel filling process is shown here:



51. After Maker's whisky has aged for the appropriate time, the whisky is bottled. Defendant's bottling process involves an elaborate filling system wherein the whisky is pumped though a series of machines and pipes to fill approximately a dozen bottles at a time. The entire process is automated and/or mechanized, and involves little to no human supervision, assistance or involvement. *See,* ¶¶ 52 and 53; the Factory Video.

///
///
///
///
///
///
///

52. Defendant's automated bottling process shown here:



53. A close up of Defendant's bottling process shown here:



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

54. As the pictures above and the Factory Video indicate, there is virtually no human involvement in this system, other than perhaps the pressing of a button. The Factory Video even shows the entire bottling process occurring without any human involvement whatsoever.

55. Ironically, even the labeling of the bottles, which contains the alleged "Handmade" statement, is achieved by a mechanized and/or automated process. *See* ¶ 56.

56. Defendant's labeling process is show here:



57. Thus, based on the photos listed above and the two separate videos depicting Defendant's manufacturing processes referenced herein, Plaintiffs allege that Defendant utilizes a mechanized and/or automated process to manufacture Maker's Mark whisky; and therefore, Defendant's product is not "Handmade" as Defendant advertises.

58. As a result of Defendant's misrepresentations regarding its Maker's Mark whisky, Plaintiffs and other putative class members were induced into purchasing and overpaying for the product under the belief that the whisky they purchased was of superior quality because it was "Handmade." Had Plaintiffs and putative class members been made aware that Maker's Mark whisky was not in fact "Handmade" they would not have purchased the

product, or would have paid less for it, or purchased a different product. Therefore, Plaintiffs and putative class members suffered injury in fact and lost money and/or property as a result of Defendant's conduct complained of herein.

59. During the "Class Period," as defined below, Plaintiffs and others similarly situated were exposed to and saw Defendant's advertising, marketing, and packaging claims disseminated by Defendant for the purpose of selling goods. Plaintiffs and putative class members purchased Defendant's product in reliance on these claims, and thereby suffered injury in fact and lost money and/or property as a result of Defendant's unfair, misleading and unlawful conduct described herein.

60. In making the decision to purchase a Maker's Mark whisky, Plaintiffs relied upon Defendant's advertisements and/or other promotional materials prepared and approved by Defendant and/or its agents and disseminated through its product's packaging containing the misrepresentations alleged herein.

61. Producing consumer goods by means of mechanized or automated process has long be touted as a cheaper way to "mass produce" consumer goods. By utilizing machines to produce goods, manufacturers are able to make more goods in a shorter period of time at a lower cost. Mechanization of course sacrifices quality, as machines cannot exercise the skill and care of a human craftsman. Every consumer would undoubtedly prefer a higher quality product, however many are not able or willing to pay for such quality. The demand for higher quality products has always existed amongst consumers and thus manufacturers market their products to those seeking higher quality goods and demand a premium price for that quality.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

62. Defendant seeks to capitalize on consumers' preference for higher quality whisky, and to that end, has intentionally marketed its product as "Handmade." *See* ¶¶ 30, 31.

63. Defendant is aware that consumers are willing to pay more for products of higher quality; and for that reason Defendant has marketed its whisky as "Handmade" induce the purchase of its product, sell a greater volume of its product, and to sell Defendant's product at a higher price in comparison to competitors' products.

64. Defendant's misleading advertising is publicly disseminated on a widespread and continuous basis during the Class Period as the offending label containing the bold and conspicuously placed "Handmade" text was affixed to all of the Maker's Mark whisky bottles Defendant sold throughout the State of California and throughout the United States.

65. Defendant's label was untrue, false, and misleading to Plaintiffs and putative class members as a reasonable consumer would have interpreted Defendant's claims according to their common meaning. Meridian Webster defines "handmade" as "created by a hand process rather than by a machine."[10] Therefore, the reasonable consumer would have been misled into believing Maker's Mark whisky was made *by hand* when in fact it is not.

66. Defendant knew, or in the exercise of reasonable care should have known, its labels were misleading. Defendant could have easily omitted the bold text "Handmade" from its whisky packaging. However, Defendant deliberately chose to insert such text and intentionally or negligently retained that false claim within its product's packaging for the purpose of selling its product.

67. Defendant made a tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive advertising regarding the mechanized and/or automated means it employs in

[10] *See,* http://www.merriam-webster.com/thesaurus/handmade

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the manufacturing of its products, intentionally capitalizing on a reasonable consumer's trust in a nationally branded company perceived to supply quality "Handmade" whisky.

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF
## CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.
## [CALIFORNIA'S FALSE ADVERTISING LAW]

68. Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

69. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the putative Class.

70. Plaintiffs and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

71. The misrepresentations, acts, and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and therefore violate Business & Professions Code §§ 17500 *et seq*.

72. At all times relevant, Defendant's advertising and promotion regarding its whisky being "Handmade" was untrue, misleading and likely to deceive the reasonable consumer and the public; and, in fact, has deceived the Plaintiffs and consumers similarly situated by representing that the product was "Handmade" when in fact Defendant knew and failed to disclose that its whisky was made predominately or entirely made by machines through the use of mechanized and/or automated processes.

73. Defendant engaged in the false and/or misleading advertising and marketing as alleged herein with the intent to directly or indirectly induce the purchase of whisky Defendant knew, or had reason to know, was not in fact "Handmade."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

74. In making and publicly disseminating the statements and/or omissions alleged herein, Defendant knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500 *et seq*.

75. Plaintiffs and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendant's false advertising, as more fully set forth herein. Plaintiffs and members of the Class have been injured because they were induced to purchase and overpay for Maker's Mark whisky on the belief that Defendant's product was "Handmade." Plaintiffs and members of the putative Class have been injured because had they been made aware that Maker's Mark whisky was not handmade, but rather produced by a less desirable mechanized and/or automated processes, they would have not purchased the whiskey, or would have paid less for the product, or would have purchased different product from another manufacturer.

76. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of untrue and misleading advertising and promotion of Maker's Mark whisky, as defined by Business & Professions Code §§ 17500 et seq., by engaging in the false advertising and promotion of its whisky as being "Handmade" in its product's labeling.

77. The false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers, as Defendant continues to use the deceptive labels and advertising, which will continue to mislead consumers who purchase Maker's Mark whisky under false premises.

78. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and other similarly situated

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   consumers who were led to purchase, purchase more of, or pay more for,
2   Maker's Mark whisky, due to the unlawful acts of Defendant, during the
3   Class Period.

**SECOND CAUSE OF ACTION FOR VIOLATIONS OF**

**CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.**

**[CALIFORNIA'S UNFAIR COMPETITION LAW]**

79.  Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

80.  Plaintiffs and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201.  California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

81.  "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

**A. "Unlawful" Prong**

82.  Because Defendant has violated California's False Advertising Law, Business & Professions Code §§ 17500 *et seq.*, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

83.  Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as selling

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Maker's Mark whisky without falsely stating that it was "Handmade."

84. Plaintiffs and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. "Unfair" Prong

85. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently represent to the consuming public, including Plaintiffs, that Maker's Mark whisky is "Handmade" when in fact it is predominately or entirely manufactured by mechanized and/or automated processes rather than by hand. Such conduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Maker's Mark whisky is of superior quality and workmanship by virtue of the it being "Handmade," when in fact it is not. Defendant's product labeling misleads and deceives consumers into believing Maker's Mark whisky is "Handmade," when actually it is entirely, or almost entirely, manufactured by mechanized and/or automated processes.

86. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Business & Professions Code §§ 17200 *et seq.*, by engaging in the false advertising and promotion of Maker's Mark whisky as, *inter alia*, "Handmade."

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

87. Defendant could have and should have furthered its legitimate business interests by expressly indicating in its labeling that Maker's whisky is in fact made by machines rather than by hand. Alternatively, Defendant could have refrained from misstating that Maker's whisky was "Handmade" when it in fact is not.

88. Plaintiffs and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant has failed to request the removal of deceptively labeled products from its resellers' stores.

### C. "Fraudulent" Prong

89. Defendant's claims and misleading statements were false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §§ 17200 *et seq*. Defendant engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiffs, and other similarly situated consumers, whether by conduct, orally, or in writing by:

    a. Intentionally designing the product's label to conspicuously state, in three locations, that Maker's Mark whisky is "Handmade" without accurately identifying the true mechanized and/or automated means by which the whisky is manufactured.

    b. Intentionally allowing Defendant's resellers to use and advertise Maker's Mark whisky through the use of Defendant's labels, which contain misleading and false statements.

90. Plaintiffs reserve the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

///

91. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendant, as described above, presents a continuing threat to consumers in that they will continue to be misled into purchasing Maker's Mark whisky under false premises.

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

92. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Maker's Mark whisky "Handmade" and that is of superior quality and workmanship by virtue of the it being "Handmade," when in fact Maker's Mark is not made by hand but rather by machines though mechanized and/or automated processes.

93. Plaintiffs, who are reasonable consumers, and the public would be likely to be and actually were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation "Handmade" in accord with its ordinary usage, that the product was made by hand rather than by a machine when it fact it was not.

94. As a direct and proximate result of the aforementioned acts and representations of Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiffs and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, Maker's Mark whisky, due to the unlawful acts of Defendant.

95. Thus, Defendant caused Plaintiffs and other members of the Class to purchase Maker's Mark whisky under false premises during the Class Period.

96. Defendant has engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiffs, and putative class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Business & Professions Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiffs are entitled to restitution and injunctive relief against Defendant, as set forth in the Prayer

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

for Relief.

97. Plaintiffs and members of the putative class have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition, as more fully set forth herein. Plaintiffs and members of the putative class have been injured as they relied on Defendant's intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for Maker's Mark whisky. Plaintiffs and members of the Class have been injured as had they been made aware that the product was machine rather than handmade, they would not have purchased the product, or would have paid less for it, or purchased a different product from another manufacturer.

98. Defendant, through its acts of unfair competition, has unfairly acquired monies from Plaintiffs and members of the putative Class. It is impossible for Plaintiffs to determine the exact amount of money that Defendant has obtained without a detailed review of the Defendant's books and records. Plaintiffs request that this Court restore these monies and enjoin Defendant from continuing to violate California Business & Professions Code §§ 17200 *et seq.*, as discussed above.

99. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers residing within California, will continue to be exposed to and harmed by Defendant's unfair business practices.

100. Plaintiffs further seek an order requiring Defendant to make full restitution of all moneys wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

101. Plaintiffs also seek attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Section 1021.5.

///

///

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

102. Plaintiffs repeat, re-allege and incorporate by reference the above allegations as if fully stated herein.

103. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant represented to the public, including Plaintiffs, by packaging and other means, that Maker's Mark whisky was "Handmade," as described herein.

104. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiffs and putative class members, to purchase Maker's Mark whisky.

105. Plaintiffs and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on them, purchased the product, as described herein.

106. At all times relevant, Defendant made the misrepresentations herein alleged when Defendant should have known these representations to be untrue, and Defendant had no reasonable basis for believing the representations to be true.

107. As a proximate result of Defendant's negligent misrepresentations, Plaintiffs and other consumers similarly situated were induced to purchase, purchase more of, or pay more for, Maker's Mark whisky, due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

### FOURTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

108. Plaintiffs repeat, re-allege and incorporate herein by reference the above allegations as if fully stated herein.

109. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant intentionally

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

represented to the public, including Plaintiffs, by promoting and other means, that Maker's Mark whisky is "Handmade," in the product's labeling, as described herein. Defendant's representations were untrue.

110. Defendant made the representations herein alleged with the intention of inducing the public, including Plaintiffs, to purchase Maker's Mark whisky, for Defendant's own financial gain.

111. Defendant intentionally made such misrepresentations by printing "Handmade" on three separate locations of its product's label.

112. The statements regarding Maker's Mark whisky being "Handmade" were misleading because Defendant actually uses an entirely, or nearly entirely, mechanized and/or automated process for manufacturing its whisky. The whisky is therefore not "Handmade" as Defendant advertises on its product's labeling.

113. Plaintiffs and other similarly situated persons in California saw, believed, and relied upon Defendant's advertising representations and, in reliance on such representations, purchased the products, as described above.

114. At all times relevant, Defendant intentionally made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by its resellers and Defendant knew the representations to be false.

115. As a proximate result of Defendant's intentional misrepresentations, Plaintiffs and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendant's misrepresented product.

116. Defendant knew that its whisky was not "Handmade," but nevertheless made representations that it was with the intention that consumers rely on their representations.

117. Defendant also knew that retailers were advertising its whisky as "Handmade" as Defendant designed, manufactured, and affixed the product labeling to its whisky before supplying its products to retailers.

118. Plaintiffs and other consumers similarly situated, in purchasing and using the products as herein alleged, did rely on Defendant's representations, including the representations on Maker's Mark whisky label, all to their damage and/or detriment as herein alleged.

119. Plaintiffs allege the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    a.   The "who" is Defendant Maker's Mark Distillery, Inc., d.b.a. Maker's Mark;

    b.   The "what" is representation that Defendant's whisky is "Handmade";

    c.   The "when" is the date Plaintiffs purchased the product and the Class Period of four years prior to the filing of the Complaint;

    d.   The "where" is in Defendant's product labeling (*See* ¶¶ 30, 31); and

    e.   The "how" is the allegation that Defendant did not disclose that its whisky was not "Handmade" but rather produced entirely, or almost entirely, by mechanized and/or automated processes, not by hand.

120. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

## CLASS ACTION ALLEGATIONS

121. Plaintiffs and the members of the Class have all suffered injury in fact as a result of the Defendant's unlawful and misleading conduct.

122. The "Class Period" means four years prior to filing of the Complaint in this action.

123. Plaintiffs bring this lawsuit on behalf of themselves and other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

"All persons who purchased a Maker's Mark whisky in the State of California within four years prior to the filing of the Complaint in this action."

Excluded from the Class are Defendant and any of its officers, directors, and employees, or anyone who purchased a Maker's Mark whisky for the purposes of resale. Plaintiffs reserve the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

124. ***Ascertainability.*** The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records regarding retail and online sales, as well as through public notice.

125. ***Numerosity***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis alleges, that the proposed class consists of thousands of members, if not millions.

126. ***Existence and Predominance of Common Questions of Law and Fact***. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    (a) Whether Defendant's whisky is manufactured by any mechanized and/or automated process rather than by hand;

    (b) Whether Defendant's whisky is predominately manufactured by mechanized and/or automated process rather than by hand;

    (c) Whether Defendant's claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(d)   Whether Defendant's conduct is an unlawful act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(e)   Whether Defendant's conduct is a fraudulent act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(f)   Whether Defendant's conduct is an unfair act or practice within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(g)   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200 *et seq*;

(h)   Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq*;

(i)   Whether Defendant acted intentionally in making the misrepresentations contained in its product's label.

(j)   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiffs and members of the Class;

(k)   Whether Plaintiffs and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

(l)   Whether Plaintiffs and proposed members of the Class are entitled to injunctive relief sought herein.

127. ***Typicality***. Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are a member of the Class that Plaintiffs seek to represent. Plaintiffs, like members of the proposed Class, purchased

Defendant's whisky after exposure to the same material misrepresentations and/or omissions appearing in the product's labeling, and received a product that was manufactured by mechanized and/or automated means rather than by hand. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent members of the Class. Defendant has no defenses unique to the Plaintiffs.

128. ***Adequacy of Representation***. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions. Plaintiffs have no adverse or antagonistic interest to those in the Class, and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and proposed Class.

129. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

130. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote and package Maker's Mark whisky in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

131. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant, and Plaintiffs and Class members be awarded damages from Defendant as follows:

- That this action be certified as a Class Action, Plaintiffs be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class counsel;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue advertising, marketing and otherwise representing its Maker's Mark whisky as "Handmade"; (ii) disclose the mechanized and/or processes utilized in the manufacture of Maker's Mark whisky; (iii) correct any erroneous impression consumers may have derived concerning the means of production for Maker's Mark whisky, including without limitation, the placement of corrective

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and to restore to Plaintiffs and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

- Prejudgment and post judgment interest;

- Special, general, and compensatory damages to Plaintiffs and the Class for negligent and/or intentional misrepresentations;

- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;

- Costs of this suit;

- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: December 5, 2014                    Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**

                              By: _ s/ *Abbas Kazerounian* _
                                           ABBAS KAZEROUNIAN, ESQ.
                                           MONA AMINI, ESQ.
                                           ATTORNEYS FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**TRIAL BY JURY**

132. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: December 5, 2014                              Respectfully submitted,

                                                    **KAZEROUNI LAW GROUP, APC**


                                            By: _s/ *Abbas Kazerounian*_____
                                                    ABBAS KAZEROUNIAN, ESQ.
                                                    MONA AMINI, ESQ.
                                                    ATTORNEYS FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626